UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIO CESAR DIEGUEZ,

      Petitioner,

    v.                            Case No.:  2:26-cv-01334-SPC-NPM

WARDEN OF ALLIGATOR
ALCATRAZ *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Julio Cesar Dieguez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).  For the below reasons, the Court grants the petition.

Cesar Dieguez is a native of Cuba who was admitted into the United States as a lawful permanent resident on August 27, 2006.  He has a U.S. citizen wife, three U.S. citizen children, and owns and operates a trucking company.  Following a conviction for marijuana cultivation, an immigration judge ordered Cesar Dieguez removed to Cuba in February 2014.  The removal order became administratively final on May 26, 2015.  The government was unable to remove Cesar Dieguez to Cuba, so it released him under an order of supervision.  Since then, Cesar Dieguez has fully complied with all conditions of supervision, and he has a pending motion to reopen the removal proceeding.

On January 6, 2026, Cesar Dieguez reported to ICE for a routine check-in. Later that day, local law enforcement arrested him at his home for a littering charge that was subsequently dismissed. ICE took custody of Cesar Dieguez on January 24, 2026. It does not appear ICE gave him written notice of the reason for revocation of release or an informal interview as required by governing regulations. *See* 8 C.F.R. § 241.4(l) and § 241.13(i). Cesar Dieguez was detained at Alligator Alcatraz when he filed this action, but he is now at ERO El Paso Camp East Montana. Cesar Dieguez challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The

Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Cesar Dieguez's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Cesar Dieguez

has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him to Cuba in 2015, there is no indication Cuba will repatriate him now, and the government has not identified any other country willing to accept him. The burden thus shifts to the respondents, but they make no attempt at rebuttal.

The Court finds no significant likelihood Cesar Dieguez will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Cesar Dieguez to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Julio Cesar Dieguez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Cesar Dieguez within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record